■ SHELVIN PLAZA ASSOCIATES, LLC, Formerly Known as SHELVIN PLAZA ASSOCIATES, Respondent, v LEW LEIBERBAUM HOLDINGS CO., INC., et al., Appellants. [796 NYS2d 113]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their notice of ap-

peal and brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered September 23, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the first cause of action and denied their cross motion, among other things, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff landlord and the defendant Lew Lieberbaum Holdings Co., Inc. (hereinafter LLHC), entered into a lease pursuant to which LLHC rented premises in the plaintiff's building. The lease covered the period from May 1, 1994 through April 30, 2002. Under the terms of the lease, in the event LLHC was dispossessed by a summary proceeding, LLHC was to pay the plaintiff liquidated damages which included any rental loss that the plaintiff sustained through the remaining lease term and expenses the plaintiff incurred in reletting the premises.

On October 12, 1998, the parties entered into a stipulation in which, inter alia, LLHC agreed that it owed a balance of rent in the sum of $73,237.02 through October 31, 1998, consented to entry of judgment in that amount, consented to a final judgment of possession in favor of the plaintiff with a warrant of eviction to issue forthwith against it, and a stay of eviction until October 23, 1998. On October 22, 1998, a nonpayment judgment was entered in favor of the plaintiff and against LLHC in the amount of $73,237.02 and a warrant of eviction was issued, stayed until October 23, 1998.

On September 8, 1999, the plaintiff commenced this action alleging in the first cause of action that it was entitled to $576,076 in damages, since LLHC breached the terms of the lease in failing to reimburse it for the loss of rent and expenses the plaintiff incurred in reletting the premises. On March 31, 2003, the plaintiff moved for summary judgment on the issue of liability on the first cause of action. The defendants cross-moved, among other things, for summary judgment dismissing the complaint arguing, inter alia, that the stipulation terminated the lease. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the first cause of action, and denied the defendants' cross motion. We affirm.

The defendants failed to make a prima facie showing that the stipulation vitiated LLHC's obligations under the lease (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The stipulation did not express "a clear expression of intent to modify" the lease or an expression of waiver concerning LLHC's obligations

pursuant thereto that "is clear, unmistakable and without ambiguity" (*Jacoby & Meyers v Crispi*, 205 AD2d 312, 313 [1994] [internal quotation marks omitted]). Thus, the Supreme Court properly denied their motion. In addition, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action. However, the plaintiff made a prima facie showing that the lease controlled and that LLHC was obligated thereunder to compensate the plaintiff for rental losses and expenses it incurred in reletting the premises. In opposition, the defendants failed to raise a triable issue of fact (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp., supra*).

The defendants' remaining contentions are without merit. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.