3607 Broadway Realty, LLC v 3607 BWY Food Ctr. Inc. (2019 NY Slip Op 02467)





3607 Broadway Realty, LLC v 3607 BWY Food Ctr. Inc.


2019 NY Slip Op 02467


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


8862N 654443/13

[*1] 3607 Broadway Realty, LLC, Plaintiff-Respondent-Appellant,
v
3607 BWY Food Center Inc., also known as 3607 Broadway Food Center, Inc. doing business as "Superior Market Carniceria," et al., Defendants-Appellants-Respondents.


Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for appellant-respondent.
Valiotis & Novella, LLC, Long Island City (Anthony J. Novella of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered June 13, 2018, which, inter alia, denied defendants' motion for summary judgment, granted plaintiff's cross motion for summary judgment on its claim for costs incurred cleaning the premises and returning it to broom clean condition, an amount to be determined at a hearing for an assessment of damages, and otherwise denied plaintiff's cross motion, unanimously affirmed, with costs.
Plaintiff was entitled to summary judgment on its claim that defendants' failure to leave the premises in broom clean condition constituted a breach of the lease. The parties' December 21, 2012 stipulation did not vitiate defendants' obligation under the lease to leave the premises in broom clean condition because the stipulation did not express " a clear expression of intent to modify' the lease or an expression of waiver concerning [defendants'] obligations pursuant thereto that is clear, unmistakable and without ambiguity'" (Shelvin Plaza Assoc., LLC v Lew Leiberbaum Holdings Co., Inc., 18 AD3d 730, 731-732 [2d Dept 2005] [citations omitted]; see also Lexington Ave. & 42nd St. Corp. v Pepper, 221 AD2d 273, 274 [1st Dept 2005]). Based on the narrow provisions of the December 21, 2012 stipulation, which does not contain a merger clause, there is no basis to conclude that any terms of the lease other than the $25,000 settlement of arrears and the vacate date of January 31, 2013 had been modified.
Furthermore, neither party was entitled to summary judgment on the issue of whether defendants breached the stipulation by failing to vacate the premises by January 31, 2013. Article 24 of the lease, upon which the plaintiff relies, does not address return of the keys after the final judgment of possession and warrant is issued. Therefore, the motion court correctly determined that issues of fact preclude resolution of this claim.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK